IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 07–91–GF–CCL |
| Plaintiff, | |
| | ORDER |
| vs. | |
| MARTIN JAY HOPE, | |
| Defendant. | |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct a Sentence Under 28 U.S.C. 2255. The United States opposes the motion. Defendant Hope requests that the Court vacate Defendant's sentence and resentence him to a term not greater than a statutory maximum term of ten years imprisonment followed by three years of supervised release.

Background

Defendant Hope was convicted in May 2008 by jury trial of the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). This Court sentenced Defendant on September 19, 2008, to a term of imprisonment of 312 months, followed by 60 months of supervised release. Typically, a felon-in-possession sentence carries the maximum penalty of ten years imprisonment. 18 U.S.C. § 924(a)(2). However, the Armed Career Criminal Act of 1984 (ACCA), imposes a fifteen-year mandatory sentence upon felons who commit certain crimes involving firearms when the felon has prior convictions for three violent felonies and/or three serious drug crimes. 18 U.S.C. § 924(e)(1). It is apparent that at the 2008 sentencing hearing both parties simply assumed that Defendant Hope had three predicate offenses under the ACCA, and therefore no objection was made to the Presentence Report ("PSR"), which recommended application of the ACCA's fifteen-year mandatory minimum (PSR ¶77). (ECF No. 49-1.) In addition, the Presentence Report failed to identify precisely which three prior convictions served as the ACCA predicate offenses. However, this lack of identification of the

predicate offenses is unsurprising given the numerous convictions in Defendant's lengthy criminal history and the availability of the residual clause at that time under the ACCA definition of violent felony. 18 U.S.C. § 924(e)(2)(B)(ii).

Defendant's pertinent prior convictions, as presented by the government in response to Defendant's motion, are as follows:

1.      Washington second-degree burglary (PSR ¶34);

2.      Washington second-degree robbery (PSR ¶35);

3.      Washington first-degree burglary (PSR ¶36);

4.      Oregon first-degree burglary (PSR ¶¶41-45);

5.      Federal unarmed bank robbery (PSR ¶46).

## Legal Standard

A federal prisoner may challenge his or her sentence by filing a motion to vacate, set aside or correct the sentence in the court that imposed the sentence. 28 U.S.C. § 2255. This collateral attack on the sentence may be filed on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255(a).

Procedural Bars

The government has posed two procedural bars to the motion: first, that the motion is untimely, and, second, that the Motion is procedurally defaulted because the claims were not raised on direct appeal. The Court finds these procedural bars to be without merit. Hope's motion is timely. *Johnson v. United States*, 135 S.Ct. 2551 (2015), was decided on June 26, 2015. Almost one year later, on April 18, 2016, the Supreme Court decided that the *Johnson* holding was a new substantive rule to be applied retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016). Hope filed his motion just two months later, on June 13, 2016. A motion filed pursuant to § 2255 is timely when filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2253(f)(3). It is indisputable that Hope filed his motion within the one-year time

frame.

Neither has Hope procedurally defaulted his claims. Typically, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Cause is found when "the factual or legal basis for a claim was not reasonably available to counsel...." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). That is the case here. In addition, a claim that the ACCA's now-invalid residual clause was used to a defendant's detriment at sentencing (by substituting a fifteen-year mandatory minimum for a ten-year maximum penalty) would be an error of a magnitude that would undoubtedly lead to actual prejudice to the defendant. The Court therefore finds that both cause and prejudice have been sufficiently demonstrated that the merits of Hope's claim should be examined.

Discussion

The Armed Career Criminal Act provides that

a person who violates section 922(g) of this title and has three
previous convictions by any court referred to in section 922(g)(1) of
this title for a violent felony or a serious drug offense, or both,
committed on occasions different from one another, such person shall
be fined under this title and imprisoned not less than fifteen years....

18 U.S.C. § 924(e).  The ACCA further provides that

the term "violent felony" means any crime punishable by
imprisonment for a term exceeding one year, or any act of juvenile
delinquency involving the use or carrying of a firearm, knife, or
destructive device that would be punishable by imprisonment for such
term if committed by an adult, that–

(i) has as an element the use, attempted use, or threatened use of
physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or
otherwise involves conduct that presents a serious potential risk of
physical injury to another....

18 U.S.C. § 924(e)(2)(B).  Subsection (i) is the elements clause, sometimes called

the force clause.  Subsection (ii) contains both the enumerated-offenses clause and

the now-invalid residual clause.

In *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607

(1990), the Supreme Court set forth the "categorical approach" to determining

whether a prior conviction (Taylor's prior conviction for second-degree burglary) qualified as a predicate offense under subsection (ii). The categorical approach requires a court to look at the statutory definition to determine its elements and then to compare them to the elements of the generic offense, which in *Taylor* was generic burglary. Generic burglary requires the unlawful or unprivileged entry into a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. 2143. If the elements of the statutory offense are identical to or narrower than the generic elements, then the statutory offense qualifies as a violent felony under subsection (ii). Obviously, the facts of the prior offense are not to be considered under the categorical approach. *Id.* at 600, 110 S.Ct. 2143. If the elements of the prior offense are broader than the generic elements, the ACCA definition of violent felony cannot be met and the ACCA does not apply.

A variation on the categorical approach was recognized by *Taylor* for offenses in which alternative elements are presented, with some alternatives meeting the generic elements test and other alternatives not meeting the generic elements test. Such statutes are considered "divisible," and these elements can be

tested by examining the charging paper and jury instructions to determine whether the elements of the offense of conviction were the same as the generic elements. *Id.* at 602, 110 S.Ct. 2143.

In *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), this exception was applied to a burglary statute that covered entry into not just buildings, but boats and cars also. 544 U.S. at 17, 125 S.Ct. 1254. This "modified categorical approach" allowed the court to examine the plea agreement and plea transcript to determine whether the defendant pled guilty to entering a building, a boat, or a car. *Id.* at 26, 125 S.Ct. 1254. Only entry into a building would satisfy the generic elements of burglary.

Thus, *Taylor* and *Shepard* established the court's approach for both indivisible statutes (the categorical approach) and divisible statutes (the modified categorical approach). It is important to note, however, that the modified categorical approach can be utilized only for divisible statutes. An indivisible statute calls for use of the formal categorical approach only, wherein the facts must not be taken into consideration even when the facts of the offense align

perfectly with the generic elements.

In *Descamps v. United States*, 133 S.Ct. 2276 (2013), the Supreme Court

examined California's burglary statute (California Penal Code Ann. § 459) to

determine whether it was a violent felony within the meaning of the ACCA.  The

Ninth Circuit had affirmed the district court's ruling that a § 459 conviction did

qualify as a violent felony under the ACCA, relying on its prior decision in *United*

*States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (abrogated by

*Descamps v. United States*, 133 S.Ct. 2276 (2013)), allowing use of the modified

categorical approach for a statute that sweeps broader than the generic elements.

Section 459 (West 2010) provided that *any* entry "with intent to commit grand or

petit larceny or any felony is guilty of burglary."  Thus, even shoplifting would

fall under this burglary statute because entry need not be unlawful.  This state

burglary offense therefore sweeps broader than generic burglary, which requires

an unlawful entry.  By applying the modified categorical approach and examining

a plea transcript, the Ninth Circuit determined that Descamps had, in fact, broken

and entered a grocery store, and therefore was convicted of a violent felony for

ACCA purposes.

The Supreme Court reversed, deciding that whether Descamps did break and enter or admitted breaking and entering was of no consequence. With an indivisible statute, the facts do not matter. Section 459 was an indivisible burglary statute that was broader than generic burglary, so the categorical elements test could not be satisfied. *Descamps*, 133 S.Ct. at 2286. The problem, from the point of view of the Supreme Court, is that Descamps' sentence was doubled, beyond the statutory maximum, without a jury finding the generic elements, raising Sixth Amendment concerns. The ACCA is meant to be an "on-off switch, directing that a prior crime would qualify as a predicate offense in all cases or in none." *Id.* at 2287. *Descamps* teaches that *committing* a generic burglary is an insufficient basis for application of the ACCA. Only a *conviction* for a generic burglary equivalent will do. *Id.* at 2288.

Two years later, in 2015, the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2552 (2015), which struck down the "residual clause" of the ACCA's violent felony definition that included any offense that "otherwise

involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B). The Court held that the residual clause violated the Fifth Amendment because the clause was so vague that it failed to give fair notice of punishable conduct.

The issue now before the Court is to determine whether Defendant Hope was sentenced under the residual clause of the ACCA. If it is uncertain whether Hope's sentence was imposed under the residual clause, the Court must determine whether the ACCA mandatory minimum sentence was properly applied to his sentencing calculation. A review of the Court's sentencing hearing indicates that no party questioned the application of the ACCA to Defendant's sentence. The Presentence Report applies the ACCA without comment as to the nature of his predicate offenses. PSR ¶¶ 21-22. Because Defendant was presumed to be an armed career criminal, his Offense Level of 34 was set by U.S.S.G. 4B1.4, his Criminal History Category was VI, and his Guideline Range was 262-327 months. Defendant was sentenced to 312 months imprisonment.

Thus, this Court must examine Defendant Hope's criminal history to

determine the nature of his prior convictions under the ACCA. The government

asserts that most of the statutory offenses in Hope's criminal history satisfy the

definition of violent felony under the ACCA without resort to the residual clause.

Defendant Hope argues that none of the statutory offenses satisfy the ACCA

without resort to the residual clause. The Court examines all of these potential

ACCA predicates in turn.

       1.    <u>Second Degree Burglary, Snohomish County, WA (1980) (PSR ¶34).</u>

    (a) <u>Statute.</u> Second Degree Burglary in the State of Washington is defined

as follows:

> "A person is guilty of burglary in the second degree if, with the intent to
> commit a crime against a person or property therein, he enters or remains
> unlawfully in a building other than a vehicle or a dwelling."

RCW 9A.52.030(1). (The phrase "or a dwelling" was added to the statute in 1989,

well after Defendant's 1980 conviction. 1989 Wash. Legis. Serv. 412 (West).)

    In interpreting a state statute, the Supreme Court looks to the state's

definition statutes and case law to determine whether a categorical match with a

generic crime exists. *See Sykes v. United States*, 131 S.Ct. 2267, 2271, 2275

(2011); *James v. United States*, 550 U.S. 192, 202-03 (2007); *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190-94 (2007). In this case, the definition of "building" under RCW 9A.04.110(5) means "includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building." *State v. Lunstrum*, 576 P.2d 453, 454 n.2 (Wash. Ct. App. 1978).

(b) <u>Generic Crime.</u>  The generic crime of burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. at 599.  In *United States v. Grisel*, 488 F.3d 844, 845 (9th Cir. 2007), the meaning of "building or structure" for purposes of the ACCA is defined as "a structure designed for occupancy that is intended for use in one place." *Id.* (*citing Taylor v. United States*, 495 U.S. at 598, 110 S.Ct. 2143).  This excludes vehicles, motor homes, boats, phone booths, vending machines, booths, tents, railroad cars, and other such

places and objects that are not designed for occupancy or are not intended to be

used in one place.  *See Grisel*, 488 F.3d at 849.

(c) <u>Elements of the Offense.</u>  The elements of 2nd degree burglary in

Washington are these:

> (i) That on or about (date), the defendant entered or remained unlawfully in a building [other than a dwelling];
> (ii) That the entering or remaining was with intent to commit a crime against a person or property therein; and
> (iii) That this act occurred in the State of Washington.

WPIC 60.04 Burglary – Second Degree – Elements (West, December 2014,

current as of July 2008).

(d) <u>Categorical Match.</u>  A criminal statute will satisfy the ACCA predicate

offense requirements only if it categorically matches the elements of the generic

offense or is narrower than the elements of the generic offense.  If the statute is

broader than the generic, and thus criminalizes conduct beyond the generic

offense, there is no categorical match.  As the Supreme Court held in *Descamps*, if

there is no categorical match, the analysis should terminate unless the statute is

divisible with alternative elements that do match the generic elements.  In this

case, Washington's second degree burglary statute is not a categorical match because it does not contain the requirement that the defendant unlawfully enter the building, but instead merely requires that the defendant "enters or remains unlawfully in a building...."  RCW 9A.52.030(1).  As in the *Descamps* case, any entry, lawful or unlawful, can satisfy the Washington second-degree burglary statute, such that an offense such as shoplifting could satisfy the Washington statute despite not matching the elements of generic burglary.  Another reason the statute is not a categorical match is due to the broad definition of "building" in Washington statutes, including as it does fenced areas, vehicles, railway cars, and cargo containers.

(e) <u>Divisibility.</u>  "The touchstone for determining divisibility is whether or not the jury must make a determination of the facts supporting the generic crime." *Rendon v. Holder*, 764 F.3d 1077, 1084-90 (9th Cir. 2014).  A statute is indivisible when the jury need not agree on a fact in order to convict.  *Lopez-Valencia v. Lynch*, 798 F.3d 863, 869 (9th Cir. 2015).

In this case, Washington's second-degree burglary statute is an indivisible

statute because juror unanimity is not required for the type of building or the choice of entering or remaining unlawfully. *United States v. Packer*, 2016 WL 1253870 (E.D. Wash. 2016) (collecting cases).

(f) Application of *Descamps/Johnson.* Washington's second-degree burglary statute is an indivisible statute that is broader than generic burglary. Therefore, it is not a categorical match with any enumerated offense under § 924(e)(ii) and cannot serve as a predicate conviction for a violent felony under the ACCA. Defendant Hope's 1980 conviction for second-degree burglary (PSR ¶ 34) is not a violent felony under the ACCA.

2. Second Degree Robbery, Snohomish County, WA (1980) (PSR ¶35).

The ACCA's "violent felony" statutory definition of 924(e) contains four enumerated offenses: burglary, arson, extortion, and offenses involving the use of explosives. 18 § U.S.C. 924(e)(2)(B)(ii). Robbery is not one of the four enumerated offenses under the ACCA. Therefore, in the alternative to an enumerated offense, the Court must determine whether robbery falls under the

"elements clause" definition of violent felony that

> (i) has an element the use, attempted use, or threatened use of physical force against the person of another...."

18 U.S.C. 924(e)(2)(B)(i).

    (a) <u>Statute.</u>  Second Degree Robbery in the State of Washington is defined

as follows:

> "A person is guilty of robbery in the second degree if he commits robbery."

RCW 9A.56.210.

    Robbery is further defined by Washington law as follows:

> "A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use of threatened use of immediate force, violence, or fear of injury to that person or his property of the person or property of anyone.  Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial.  Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

RCW 9A.56.190.

(b) <u>Generic Crime.</u> Under federal law, "generic robbery" is "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person." *United States v. Walker*, 2016 WL 5921257 at *6 (N.D. Cal. Oct. 5, 2016). Because robbery is not an enumerated offense, it can only be considered a predicate offense under the ACCA if the statute in question satisfies the elements/force clause.

(c) <u>Elements of the Offense.</u> The elements of 2nd degree robbery in Washington are these:

> (1) That on or about (date), the defendant unlawfully took personal property from the person [or in the presence] of another;
> (2) That the defendant intended to commit theft of the property
> (3) That the taking was against that person's will by the defendant's use or threatened use of immediate force, violence, or fear of injury to that person [or to that person's property] [or to the person or property of another]
> (4) That force or fear was used by the defendant [to obtain or retain possession of the property] [or] [to prevent or overcome resistance to the taking] [or] [to prevent knowledge of the taking]; and
> (5) That any of these acts occurred in the State of Washington.

WPIC 37.04 Robbery–Second Degree–Elements (West December 2014, current as of 2005 update).

(d) <u>Categorical Match.</u>  A criminal statute will satisfy the ACCA predicate

offense requirements only if it categorically matches the elements clause.  If the

statute is broader, and thus criminalizes conduct beyond the elements clause, there

is no categorical match.  As the Supreme Court held in *Descamps*, if there is no

categorical match, the analysis should terminate unless the statute is divisible with

alternative elements that do match the elements/force clause.  In this case,

Washington's second degree robbery statute is not a categorical match because

element number 3, which permits a conviction when defendant uses or threatens to

use force against a person's property or the property of another, sweeps more

broadly than the elements/force clause.  The elements/force clause requires

immediate danger to *a person.*  Thus, the Washington second-degree robbery

statute is overbroad, and there is no categorical match.

(e) <u>Divisibility.</u>  "The touchstone for determining divisibility is whether or

not the jury must make a determination of the facts supporting the generic crime."

*Rendon v. Holder*, 764 F.3d 1077, 1084-90 (9th Cir. 2014).  A statute is indivisible

when the jury need not agree on a particular fact in order to convict.  *Lopez-*

*Valencia v. Lynch*, 798 F.3d 863, 869 (9th Cir. 2015).

The question then becomes: Is this a divisible statute?  In this case, Washington's second-degree robbery statute is an indivisible statute because juror unanimity is only required as to whether force was used against something (either a person or property).  *United States v. Bercier*, 192 F.Supp.3d 1142, 1151 (E.D. Wash. 2016).  This is an alternative means of proof, not an alternative element requiring juror unanimity.  *Id.*  Unless the statute contains alternative elements, it is considered indivisible, even if it lists "alternative factual means of satisfying a single element."  *Mathis v. United States*, ___ U.S. ___, 136 S.Ct. 2243, 2251-56, 195 L.Ed.2d 604 (2016).  In this case, "[t]he Washington Pattern Jury Instructions illustrate that the jury need not agree on whether force or fear compelled the victim *or whether the force was against a person or property*."  *United States v. Packer*, 2016 WL 1253870 (E.D. Wash. March 8, 2016) (emphasis supplied).

(f) Application of *Descamps/Johnson*.  Washington's second-degree robbery statute is an indivisible statute that is broader than the elements/force clause.  Therefore, it is not a categorical match under the elements clause and

cannot serve as a predicate conviction for a violent felony under the ACCA.

Defendant Hope's 1980 conviction for second-degree burglary (PSR ¶ 35), in

Snohomish County Superior Court in Everett, Washington, is not a violent felony

under the ACCA.


3.    <u>First Degree Burglary, Washington (1980) (PSR ¶36).</u>

(a)  <u>Statute.</u>  First degree burglary in Washington is codified at RCW

9A.52.020(1), which provides that:

> A person is guilty of burglary in the first degree if, with intent
> to commit a crime against a person or property therein, he or she
> enters or remains unlawfully in a building and if, in entering or while
> in the building or in immediate flight therefrom, the actor or another
> participant in the crime (a) is armed with a deadly weapon, or (b)
> assaults any person.

RCW 9A.52.020(1).

As with Washington's second degree burglary statute, the same broad

definition of "building" is used to define this offense. The definition of "building"

under RCW 9A.04.110(5) "includes any dwelling, fenced area, vehicle, railway

21

car, cargo container, or any other structure used for lodging of persons or for

carrying on business therein, or for the use, sale or deposit of goods; each unit of a

building consisting of two or more units separately secured or occupied is a

separate building." *State v. Lunstrum*, 576 P.2d 453, 454 n.2 (Wash. Ct. App.

1978).

(b) <u>Generic Crime.</u>  The generic crime of burglary has "the basic elements

of unlawful or unprivileged entry into, or remaining in, a building or structure,

with intent to commit a crime." *Taylor v. United States*, 495 U.S. at 599.  In

*United States v. Grisel*, 488 F.3d 844, 845 (9th Cir. 2007), the meaning of

"building or structure" for purposes of the ACCA is defined as "a structure

designed for occupancy that is intended for use in one place." *Id. (citing Taylor v.*

*United States*, 495 U.S. at 598, 110 S.Ct. 2143).  This excludes vehicles, motor

homes, boats, phone booths, vending machines, booths, tents, railroad cars, and

other such places and objects that are not designed for occupancy or are not

intended to be used in one place. *See Grisel*, 488 F.3d at 849.

(c) <u>Elements.</u>  The elements of first degree burglary in Washington are:

(1) That on or about (date) the defendant entered or remained unlawfully in a building;

(2) That the entering or remaining was with intent to commit a crime against a person or property therein;

(3) That in so entering or while in the building or in immediate flight from the building [the defendant] [or] [an accomplice in the crime charged] [was armed with a deadly weapon] [or] [assaulted a person];and

(4) That any of these acts occurred in the State of Washington.

WPIC 60.02 Burglary–First Degree–Elements (West, December 2014, current as of October 2016).

(d) <u>Categorical Match.</u> In this case, Washington's first degree burglary statute is not a categorical match because of the broad definition of "building." "Like its second degree counterpart, Washington's first degree burglary statute encompasses the same broader definition (of "building") and thus is not a generic burglary. For example, under Washington law, a first degree burglary could occur when a person enters or remains unlawfully in a fenced yard with intent to commit a crime and is carrying a deadly weapon. This is an overbroad statute compared to generic burglary because the federal generic crime requires that the building be designed for occupancy. As stated above, in *United States v. Grisel*, 488 F.3d 844,

845 (9th Cir. 2007), the meaning of "building or structure" for purposes of the ACCA is defined as "a structure designed for occupancy that is intended for use in one place." *Id.* (*citing Taylor v. United States*, 495 U.S. at 598, 110 S.Ct. 2143). Finally, neither first nor second degree satisfy the ACCA's definition of violent felony's "elements of force" clause (18 U.S.C. § 924(e)(2)(B)(i)), because "neither of Washington's first or second degree burglary statutes have violent force as an element." *United States v. Beckham*, ___ F.Supp.3d ___, 2016 WL 4402827, *3 (E.D. Wash. Aug. 16, 2016).

(e) <u>Divisibility.</u>  The first degree burglary statute does not require a unanimity instruction to determine which of two alternative means of proof – being armed with a deadly weapon or assaulting any person – the jury finds is committed.  This statute also does not require a unanimity instruction to determine which of the alternative, sometimes overbroad factual situations is being utilized to find entry into a building.  Therefore, Washington's first-degree burglary statute is not divisible.

(f) <u>Application of *Descamps/Johnson*.</u>  Washington's first-degree robbery

statute is an indivisible statute that is broader than generic robbery. Therefore, it is not a categorical match under the elements clause and cannot serve as a predicate conviction for a violent felony under the ACCA. Defendant Hope's 1980 conviction for first-degree burglary (PSR ¶ 36), in Grant County Superior Court in Ephrata, Washington, is not a violent felony under the ACCA.

4. First Degree Burglary, Oregon (PSR ¶¶41-45)

Defendant has five convictions for first-degree burglary in the State of Oregon. First-degree burglary is a Class A felony and has a maximum sentence of twenty years imprisonment. *State v. Graves*, 700 P.2d 244 n.1 (Oregon 1985) *(en banc)*. Prior to the U.S. Supreme Court's decision in *Johnson*, the Ninth Circuit ruled that Oregon's burglary statute satisfies the ACCA as a predicate felony under the ACCA's residual clause (which is now void for vagueness). *United States v. Mayer*, 560 F.3d 948 (9th Cir. 2009).

(a) Statute. The Oregon statute for first-degree burglary provides that a person commits the crime of burglary . . . if the person (unlawfully)

enters or remains unlawfully in a building with the intent to commit a crime therein, and the building is a dwelling.

ORS §164.225.   In 1970, the Oregon legislature added another version of first-degree burglary for breaking and entering a non-dwelling "armed with explosives or a deadly weapon." *State v. Warner*, 696 P.2d 1052, 1053 (Oregon 1985) (*en banc)*.   The Oregon statute for first-degree burglary also permits conviction if the building is not a dwelling but if "in effecting entry or while in a building or in immediate flight therefrom *** is armed with a burglar's tool as defined in ORS 164.235 ****" *Warner*, 696 P.2d 1052, 1053 (Oregon 1985) (*en banc)*.

A "dwelling," as defined by Oregon statute is

a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present.

ORS §164.205(2).

The meaning of a "building," as defined by Oregon statute:

in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodations of persons or for carrying on business therein....

ORS §164.205(1).

(b) <u>Generic Crime.</u>  The generic crime of burglary has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. at 599.  In *United States v. Grisel*, 488 F.3d 844, 845 (9th Cir. 2007), the meaning of "building or structure" for purposes of the ACCA is defined as "a structure designed for occupancy that is intended for use in one place." *Id.* (*citing Taylor v. United States*, 495 U.S. at 598, 110 S.Ct. 2143).  This excludes vehicles, motor homes, boats, phone booths, vending machines, booths, tents, railroad cars, and other such places and objects that are not designed for occupancy or are not intended to be used in one place. *See Grisel*, 488 F.3d at 849.

(c) <u>Elements of the Offense.</u>  The elements of first-degree burglary under Oregon law are as follows:

(1) The act occurred on or about _____, 20__;
(2) [Defendant's name] entered or remained unlawfully in the premises described in the charge;
(3) The premises described in the charge is a dwelling; and
(4) At the time of entering or remaining unlawfully, [defendant's name] had the intent to commit the crime of _____ therein.

BURGLARY IN THE FIRST DEGREE–DWELLING, UcrJI 1901 (West, Oregon State Bar, December 2013).

The alternative means of charging first-degree burglary is available for non-dwellings if the defendant is armed with a burglary tool, a deadly weapon, pruses or threatens to use a dangerous weapon, either during the burglary or in immediate flight therefrom.  The alternative elements are as follows:

(1) The act occurred on or about _____, 20__;
(2) [Defendant's name] entered or remained unlawfully in the premises described in the charge;
(3) The premises described in the charge is a building;
(4) At the time of entering or remaining unlawfully, [defendant's name] had the intent to commit the crime of _____ therein; and
(5) In effecting entry or while in the building or in immediate flight therefrom [defendant's name] [A/B/C/D].
A is/was armed with a burglary tool or theft device
B is/was armed with a deadly weapon
C causes or attempts/caused or attempted to cause physical injury to any person
D uses or threatens/used or threatened to use a dangerous weapon.

BURGLARY IN THE FIRST DEGREE–OTHER THAN DWELLING, UcrJI 1902 (West, Oregon State Bar, December 2013).

(d) <u>Categorical Match.</u>  The problem with finding a categorical match lies

with Oregon's definitions of 'dwelling' and 'building.' A building might be a booth, vehicle, boat, or aircraft. A dwelling is a building which regularly or intermittently is occupied by a person lodging therein at night. Thus, a car or a boat or even a booth or an aircraft might fall within Oregon's definition of dwelling. Thus, Oregon's first-degree burglary statute sweeps overbroad when compared to generic burglary, which requires a structure designed for occupancy and intended for use in one place. There is no categorical match.

(e) <u>Divisibility.</u> Although clearly some elements of Oregon's first-degree burglary statute are presented in the alternative, the third element, which utilizes Oregon's definition of dwelling and building is not divisible. *United States v. Mayer*, ___ F.Supp.3d ___, 2016 WL 520967 (D. Or. Feb. 5, 2016).

(f) <u>Application of *Descamps/Johnson.*</u> Oregon's first-degree burglary statute is an indivisible statute (as to the pertinent element) that is broader than generic burglary. Therefore, it is not a categorical match under the elements clause and cannot serve as a predicate conviction for a violent felony under the ACCA. Defendant Hope's convictions for first-degree burglary (PSR ¶¶41-45), in

Oregon State Circuit Court are not violent felonies under the ACCA.

5.      <u>Escape (1982), Spokane County, Washington (PSR ¶ 37).</u>

The government does not assert this escape conviction as one of Defendant Hope's prior ACCA predicate offenses. However, the Defendant does address this conviction and therefore it comes under the Court's review. Escape is not an enumerated crime under section 924(e), so if it is to qualify as a violent felony under the ACCA, it must require proof that the defendant used, attempted to use, or threatened to use physical force.

(a) <u>Statute.</u> The Washington statute prohibiting first-degree escape is RCW 9A.76.110:

> (1) A person is guilty of escape in the first degree if he or she knowingly escapes from custody or a detention facility while being detained pursuant to a conviction of a felony or an equivalent juvenile offense.

(b) <u>Generic Crime.</u> The generic crime of "escape from custody" is not an enumerated offense, but neither does it contain the force element. "The offense of

escape from custody does not have as an element the use, attempted use, or threatened use of force; it is not burglary, arson, or extortion, and it does not involve the use of explosives." *United States v. Simmons*, 782 f.3d 510, 518 (9th Cir. 2015). Therefore, generic escape can not be used as a predicate offense under the ACCA.

(c) <u>Elements of the Offense.</u> The elements of first-degree escape are that (1) the person must be detained pursuant to a felony conviction, and (2) the person escaped from either custody or a detention facility. *State v. Walls*, 25 P.3d 1052 (Wash.App. 2001).

(d) <u>Categorical Match.</u> A person may be convicted of first-degree escape for leaving home detention or failing to return from work when held in a work-release program. *State v. Parker*, 888 P.2d 167, 168-1 (Wash. 1995) (leaving home detention constituting first-degree escape); *State v. Carlson*, 178 P.3d 371 (Wash. 2008) (failing to return to work-release facility constituting first-degree escape). These interpretations of the statute are overbroad when compared to the generic crime, which, prior to Defendant's sentencing, had traditionally been

considered a violent crime.  *See United States v. Savage*, 488 F.3d 1232 (9th Cir.

2007) (escape from a secure facility is a crime of violence under the residual

clause in the Sentencing Guidelines, 4B1.2).

(e) <u>Divisibility.</u>  The statute is not divisible and does not support alternative

elements.

(f) <u>Application of *Descamps/Johnson*.</u>  First-degree escape cannot provide a

categorical match.  Washington's elements of first-degree escape are overbroad

compared to the elements/force clause of section 924(e)(2)(B).  Defendant Hope's

conviction for first-degree escape (PSR ¶37), in Spokane County Superior Court is

therefore not a violent felony under the ACCA.


6.     <u>Federal Bank Robbery (1995), District of Oregon (PSR ¶46).</u>

In 1995, Defendant Hope committed an unarmed federal bank robbery, and

he pleaded guilty to that charge.  During his bank robbery, Hope gave the teller a

note that said, "Have a gun, will shoot, $100s and $50s now."  (ECF No. 55 at 32,

Gvt.'s Response Brief, quoting PSR ¶46.)  Hope's petition to enter plea of guilty

states: "On January 18, 1995, in La Grande, Oregon, I robbed the Pioneer Bank of approximately $1,050 by using a demand note. I stipulate that the bank was federally insured." (ECF No. 55-6, Exhibit 6 at 11.)

Bank robbery is not an enumerated crime under section 924(e), so if it is to qualify as a violent felony under the ACCA, it must require proof that the defendant used, attempted to use, or threatened to use physical force.

(a) <u>Statute.</u>  The federal bank robbery statute provides as follows:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any buildings used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute or the United States, or any larceny–

Shall be fined under this title or imprisonment not more than twenty

years, or both.

18 U.S.C. § 2113(a).

In *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), a Ninth Circuit panel held that "intimidation" in 18 U.S.C. 2113(a) "would put an ordinary, reasonable person in fear of bodily harm." *See also United States v. Wright*, 215 F.3d 1020 (9th Cir. 2000) (holding that armed bank robbery is a crime of violence and an underlying predicate offense under section 924©). However, a district court has also recently held that federal bank robbery is *not* categorically a crime of violence because it can be proven by *mere* intimidation instead of the intentional use of force, violence, or fear of injury. *Doriety v. United States*, No. 16-924 (W.D. Wash. Nov. 10, 2016) (citing *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983), and *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016)). The district court in *Doriety* asserts that "[i]ntimidation does not require an explicit threat or threat of violence physical force." *Doriety*, at *9 (citing *Hopkins*, 703 F.2d at 1103). *Parnell* stated that the "uncommunicated willingness or readiness to use [physical] force . . . is not the same as a threat to do

so."   However, another recent district court case concludes that "2113(a) bank 'robbery by intimidation qualifies under the enumerated clause because it is nearly identical to the generic definition of robbery, and notably, both involve a perceived threat of bodily harm.'" *United States v. Savage,* ___ F.Supp.3d. ___, 2017 WL 130008, *37 (C.D. Cal. Jan. 12, 2017).  The district court concluded in *Savage* that "[a] taking by intimidation under section 2113(a) therefore involves the threat to use physical force."  *Id.* at *37.

(b) <u>Generic Crime.</u>  Generic robbery is defined in the Ninth Circuit as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the person."  *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008).  However, the elements clause requires that the "use, attempted use, or threatened use of physical force" means "*violent* force–that is, force capable of causing physical pain or injury to another person."  *Johnson I*, 559 U.S. at 140 (emphasis in original).

(c) <u>Elements.</u>  The elements for unarmed bank robbery are as follows:

(1) First, the defendant, through force and violence or

intimidation, [took] [obtained by extortion] [[property] [money] [something of value]] belonging to or in the care, custody, control, management or possession of [specify financial institution]; and

   (2) Second, the deposits of [specify financial institution] were then insured by the [Federal Deposit Insurance Corporation] [National Credit Union Administration Board].

Ninth Circuit Model Criminal Jury Instruction 8.162 Bank Robbery (18 U.S.C. 2113(a) (2015).

 (d) <u>Categorical Match.</u>  In the Ninth Circuit, it has been held that unarmed bank robbery using intimidation falls within the parallel force clause under the Sentencing Guidelines, 4B1.2.  *See United States v. Savage,* ___ F.Supp.3d. ___, 2017 WL 130008, *37 (C.D. Cal. Jan. 12, 2017).

 (e) <u>Divisibility.</u>  The statute is indivisible in its pertinent element "through force and violence or intimidation."  As to the second paragraph of section 2113(a), however, that paragraph provides another set of elements that are divisible from the first paragraph.  *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

 (f) <u>Application of *Descamps/Johnson*.</u>  Federal bank robbery is a violent

felony under the ACCA because it requires proof that the defendant used, attempted to use, or threatened to use physical force.  The possibility that intimidation conduct amounting to something less than a threat of violence could be charged under the federal unarmed bank robbery statute is quite remote. Realistically, it is highly probably that every bank robbery by intimidation carries with it a threat of violence, and that high probability is all that is necessary to make bank robbery a categorical match with the elements/force clause.  *See United States v. Bell*, 840 F.3d 963, 966 (8th Cir. 2016) (a conviction will satisfy the elements/force clause if there is a realistic probability that the statute will be used to charge conduct rising to the level of the elements/force clause).  If there is only a "theoretical possibility" that the lowest level of conduct charged will fall below that of the elements/force clause, such a possibility would be insufficient to preclude the categorical match.  *See id.* (quoting *Moncrieffe v. Holder*, 133 S.Ct. 1678, 1685 (2013) (citation omitted)).  Realistically, it is difficult to even imagine a bank robbery by intimidation that would *not* carry an implicit threat of violence. Therefore, unarmed bank robbery under section 2113(a) is categorically a crime of

violence under the ACCA.

**CONCLUSION**

The Court has concluded that the following of Defendant's convictions cannot serve as predicate offenses under the ACCA: second-degree burglary (Washington, PSR ¶34); second-degree robbery (Washington, PSR ¶35); first-degree burglary (Washington, PSR ¶36); first-degree burglary (Oregon, PSR ¶¶41-45); first-degree escape (Washington, PSR ¶37). The only prior conviction that survives the *Descamps/Johnson* analysis is Defendant's prior conviction for federal bank robbery (Oregon, PSR ¶46). This is insufficient for an enhancement under the ACCA, for it is only one predicate offense, not the three requisite violent felonies as is required by the ACCA.

Defendant Hope has demonstrated that an error occurred at his sentencing when his sentence for felon-in-possession of a firearm was enhanced under the Armed Career Criminal Act. The error is not harmless because Defendant Hope was sentenced to a term of imprisonment in excess of the ten-year maximum

penalty for the firearms possession. Defendant was sentenced on September 18, 2008, to 312 months of imprisonment, to be served concurrently with Defendant's state conviction (for a state charge arising from the instant offense), followed by 60 months of supervised release on special conditions. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. 2255 is GRANTED.

IT IS FURTHER ORDERED that Defendant's sentence imposed on September 18, 2008, should be reduced from 312 months of imprisonment to the maximum term of ten years imprisonment followed by three years of supervised release. An Amended Judgment shall be filed forthwith.

The Clerk of Court shall immediately notify Mr. Thomas Kane, the Director of the Bureau of Prisons ((202) 307-3198; Fax (202) 514-6878)), of the filing of the Amended Judgment for Defendant Martin Jay Hope (BOP Register Number 60208-065), United States Penitentiary Coleman II, Sumterville, FL 33521.

Done and dated this 28th day of March, 2017.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE